UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL HAVER,

        Plaintiff,

v.

DAVISON INVENTION and
LUKE ZEYZUS,

        Defendants.
_____/

Case No. 1:25-cv-427

Hon. Paul L. Maloney

# REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Cheryl Haver against defendants Davison Invention and Luke Zeyzus. For the reasons set forth below, this complaint should be dismissed.

    **I.**    **Discussion**

*Pro se* plaintiff has filed a three-sentence complaint (in her words):

> I am sueing Luke Zeyzus and Davison Invention, for stealing my inventions and putting them on the market.  It's breach of contract, confidentiality, & stealing. I want to take them to court for such matter.

Compl. (ECF No. 1). In a proposed summons, plaintiff identifies defendants as located in Pittsburgh, Pennsylvania. *See* Summons (ECF No. 1-2, PageID.4-5). In a civil cover sheet, plaintiff lists the "cause of action" as the federal "False Claims Act" with the cause of action described as "Stole my invention & put on the market, breach of contract."  Cover Sheet (ECF No. 1-1, PageID.3).

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 4).  For that reason, it must review the complaint pursuant to 28 U.S.C. §

1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]"  In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.  To avoid dismissal "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations."  *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

A complaint will not suffice if it presents "naked assertions devoid of further factual enhancements."  *See Iqbal*, 556 U.S. at 678 (internal brackets and quotation marks omitted).  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *Id.*

Here, plaintiff's complaint consists of three sentences in which she claims that defendants stole her inventions, put them on the market, and breached a contract.  These unadorned

accusations are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  April 28, 2025                                        /s/ Ray Kent
                                                              RAY KENT
                                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).